IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRACY CLARK,

    Petitioner,

v.                                                                                Civil Action No. 1:14cv149
                                                                               (Judge Keeley)

RICHARD ODDO, Warden, FCI Hazelton,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On December 5, 2013, Tracy Clark ("Clark"), the *pro se* petitioner, an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 in the Eastern District of Pennsylvania. On June 17, 2014, petitioner filed a letter motion to transfer the case to the Western District of Pennsylvania. By Order entered June 19, 2014, petitioner's letter motion was granted and the case was transferred to the Western District of Pennsylvania. On August 6, 2014, petitioner paid the five dollar filing fee. Because by then, petitioner was incarcerated in the Northern District of West Virginia, by Order entered August 29, 2014, the case was directed to be transferred again, to this district. The transfer to this district was effectuated on September 3, 2014.

Pursuant to a Notice of Deficient Pleading issued by the Clerk of Court, on September 4, 2014, petitioner was directed to file his petition on a court-approved form. On September 19, 2014, petitioner moved for an extension of time in which to file a supplemental memorandum of law. By Order entered September 23, 2014, petitioner's motion was granted. On October 1, 2014, petitioner moved for a second extension of time and to substitute the respondent; the motion was granted by separate Orders entered October 1 and 6, 2014. Petitioner filed his court-

approved form petition with a 24-page typewritten supplemental memorandum in support on October 20, 2014. By Order entered October 21, 2014, petitioner's supplemental memorandum in support was stricken and returned to him. On October 27, 2014, petitioner filed an *Ex Parte* Motion for Leave to File Oversize Brief, attaching the same 24-page typewritten supplemental memorandum. By Order entered the same day, the supplemental memorandum was again struck and petitioner's motion for leave to file excess pages was denied in part and granted in part. On November 6, 2014, petitioner filed his supplemental memorandum, styled Clark's More Concise Brief in Support of Relief Under §2241 of Title 28 United States Code. On January 16, 2015, petitioner filed a request to the court, styled as Clark Requests The Court To Take Judicial Notice Under Federal Rules of Evidence 201.

This matter is now pending before the undersigned for a Report and Recommendation ("R&R") pursuant to LR PL P 2.

## II. Facts[1]

On June 4, 2003, after a two-day trial in the Eastern District of Pennsylvania, petitioner was convicted of Count Two of a superseding indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§922(g)(1) and 924(e). On July 11, 2003, the Court sentenced petitioner to a 293-month term of imprisonment; a special assessment fee of $100; and a 5-year term of supervised release term.

Petitioner filed a notice of appeal in the Third Circuit Court of Appeals on July 15, 2003.[2] On appeal, petitioner and his co-defendant challenged the District Court's denial of their motions to suppress evidence obtained during a search of their apartment, arguing that there was no

---

[1] Information on petitioner's original criminal case can be located on PACER at 2:01cr428-2, in the United States District Court for the Eastern District of Pennsylvania.

[2] 3rd Cir. Case No. 03-3066.

probable cause for the search, or in the alternative, that the officers executing the search waited an unreasonably short time before forcing entry, violating the Fourth Amendment's implicit "knock and announce" principle. On September 30, 2004, the Third Circuit affirmed petitioner's conviction and sentence.[3] On December 12, 2004, defendant filed a petition for a writ of *certiorari* alleging, for the first time, *inter alia*, the District Court violated his Sixth Amendment right by enhancing his sentence under the Armed Career provisions of U.S.S.G. §§4B1.4(a) and (b)(3)(B) without a jury determination or an admission by the defendant. On January 7, 2005, the Supreme Court decided United States v. Booker, 543 U.S. 220, (2005). On January 24, 2005, the United States Supreme Court denied Clark's petition for a writ of *certiorari*.

On January 26, 2006, petitioner filed a motion to vacate, modify, or correct sentence under 28 U.S.C. §2255, contending that 1) counsel was ineffective for advising him to forego entering a guilty plea to lesser time and then proceed to trial; and 2) counsel was ineffective for failing to file a 28(j) letter to the Supreme Court in light of the Court's ruling in Booker which rendered the guidelines advisory, since petitioner's *certiorari* was pending and included a Sixth Amendment violation allegation. Petitioner sought a new trial or resentencing because Booker changed the mandatory nature of the Sentencing Guidelines. After an evidentiary hearing on the matter, by Order entered October 27, 2006, the Eastern District of Pennsylvania held that petitioner had failed to demonstrate that trial counsel was ineffective and denied his request for a new trial; however, because petitioner's direct appeal was not final prior to the decision in Booker, it granted his request to be resentenced.

On November 27, 2006, petitioner was resentenced on Count Two of the superseding indictment to 235 month term of imprisonment, to be followed by a 5-year term of supervised

---

[3] United States v. Clark, 110 Fed. Appx. 245; 2004 U.S. App. LEXIS 20560 (3rd Cir. Sep. 30, 2004).

release. On December 28, 2006, petitioner filed an untimely notice of appeal to the Third Circuit Court of Appeals, along with a motion for an extension of time. The Motion was granted; counsel filed an Anders[4] motion to withdraw, and then an Anders brief. Petitioner filed a *pro se* brief, claiming that counsel was ineffective for failing to contest the District Court's determination that his prior convictions qualified as offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), in light of Shepard v. United States, 544 U.S. 13 (2005).[5] By Order entered June 9, 2008, the Third Circuit declined to address petitioner's ineffective assistance claim, finding that "those claims 'are best decided in the first instance in a collateral action' rather than on direct appeal. United States v. Thornton, 327 F.3d 268, 272 (3rd Cir. 2003)." Accordingly, it affirmed the District Court's judgment of sentence. Petitioner did not pursue a writ of *certiorari.*

On August 31, 2009, petitioner filed a motion to vacate, modify, or correct sentence under 28 U.S.C. §2255, contending that counsel was ineffective at the resentencing hearing for failing to attack the validity of a prior conviction used as a predicate offense under the ACCA. By summary Order entered November 16, 2009, petitioner's motion to vacate was denied; the Court noted that there was no probable cause to issue a certificate of appealability. Petitioner did not appeal.

On April 3, 2013, petitioner filed a *pro se* petition pursuant to the All Writs Act, 28 U.S.C. §1651(a), contending that the court should have considered his post-incarceration rehabilitation upon re-sentencing. By Order entered April 12, 2013, the court held that petitioner could not challenge the imposition or execution of his sentence pursuant to 28 U.S.C. §1651;

---

[4] Anders v. California, 386 U.S. 738 (1967).

[5] 3rd Cir. Case No. 06-5221.

4

such a challenge could only be raised via a motion pursuant to 28 U.S.C. §2255; petitioner had already filed such a motion, and it had been denied. Finding no extraordinary circumstances to warrant granting a writ of pursuant to 28 U.S.C. §1651, the petition was dismissed.

In his pending Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 and its "More Concise Brief" petitioner again mounts a challenge to his ACCA sentence, contending that it should be vacated in light of Descamps,[6] Alleyne,[7] and Marrero[8] in conjunction with Johnson.[9] Petitioner contends that

> [i]n this case, the record is without ambiguity. That is, absent a piece of documentation provided by the government, the ACCA penalty in this case specifically rests on: A simple Assault, A 1992 Possession with intent to distribute conviction, and A robbery conviction. At this point Clark does not argue that this robbery is not a crime of violence (but also does not concede it does either).

Dkt.# 27 at 2 – 3 (grammatical and punctuation errors in the original). Accordingly, he argues that one of his predicate offenses, a Pennsylvania conviction for simple assault, was not a crime of violence for career offender purposes. Further, he contends, his "alleged controlled substance offense" was not a "serious drug offense" for purposes of the "ACCA penalty."

As relief, in his petition, he requests that the ACCA "penalty" be vacated and the case sent back to the Eastern District of Pennsylvania for resentencing.[10] In his memorandum in support, he requests that his ACCA sentence be vacated and that he be released.[11]

---

[6] Descamps v. United States, 133 S.Ct. 2276 (2013).]

[7] Alleyne v. United States, 133 S.Ct. 2151 (2013).

[8] Marrerro v. United States, 133 S.Ct. 2732 (2013).

[9] United States v. Johnson, 587 F.3d 203 (3rd Cir. 2009).

[10] Dkt.# 21 at 8.

[11] Dkt.# 27 at 9.

Although his petition fails to address the issue of why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention, petitioner appears to be arguing that he is "actually innocent" of his ACCA sentencing enhancement

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to §2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. Analysis

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd

6

Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a §2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

Here, the petitioner attacks the validity of his sentence rather than the means of execution and seeks an order vacating his "ACCA penalty." (Dkt.# 27 at 2). Therefore, it is the type of challenge that ordinarily must be brought under §2255 and not §2241.

However, a federal prisoner attacking the validity of his conviction and sentence may utilize the provisions of §2241, but only under the §2255 "savings clause" when §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial at 1194. Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[12]

---

[12] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

Id. at 333-34.

Although petitioner does not attempt to raise the savings clause, it is clear that he is not entitled to its application. In the instant case, even if petitioner satisfied the first and third elements of Jones, the crime for which petitioner was convicted, violations of 18 U.S.C. §§922(g)(1) and 924(e), remain criminal offenses. Therefore, because the petitioner clearly attacks the validity of his conviction and its sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy and has improperly filed a §2241 petition.

Moreover, to the extent petitioner challenges his ACCA sentencing enhancement,[13] the same is not appropriate relief in a §2241 action. This prohibition has been recently reaffirmed by a recent Fourth Circuit decision regarding the use of a §2241 petition to challenge only a sentencing issue. See United States v. Surratt, 2015 WL 4591677 (4th Cir. July 31, 2005). In Surratt, in 2004, a grand jury indicted Surratt on several drug-related counts, including conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§841(b)(1)(A) and 846. The Government then filed a timely information indicating that it planned to seek enhanced penalties based on Surratt's criminal history, and identifying four previous North Carolina drug related convictions. After his indictment, and despite the prospect

---

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255; see Jones, 226 F.3d at 330.

[13] The Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e), requires imposition of a minimum 15-year term of imprisonment for recidivists with three prior state or federal convictions for violent felonies or serious drug offenses, who are then convicted of unlawful possession of a firearm under 18 U.S.C. 922(g). Section 924(e) defines serious drug offenses as those punishable by imprisonment for 10 years or more. It defines violent felonies as those (1) that have an element of threat, attempt, or use of physical force against another, (2) that involve burglary, arson, or extortion, or (3) or otherwise involves conduct that presents a serious potential risk of physical injury to another (i.e., that constitute a crime similar to burglary, arson, or extortion, under the section's "residual clause."). The Sentencing Commission recommended that Congress consider clarifying the statutory definitions of the violent felony categories. Subsequently, in Johnson v. United States, 576 U. S. ____ (2015), the Supreme Court declared the residual clause unconstitutionally vague and thus effectively void.

of a life sentence, Surratt pled guilty to the conspiracy count. At the time, all of Surratt's prior convictions constituted felony convictions as outlined in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The district court sentenced Surratt to life in prison. After Surratt's appeal and §2255 motion, the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*), which overruled Harp and held that a prior conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Surratt and the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense" under Simmons. Surratt's request to file a second or successive §2255 motion was denied because his motion fell outside the statutorily enumerated exceptions set forth in 28 U.S.C. §2255(h). Surratt also moved in the district court to vacate his sentence under §§2241 and 2255, or for writ of *coram nobis*. Surratt maintained that, in light of Simmons, he was "innocent" of the career offender enhancement and was the victim of fundamental error. Specifically, Surratt argued that he should not be subject to a mandatory life sentence. Even though the Government did not oppose Surratt's §2241 request, the district court denied Surratt's motion. Surratt v. United States, 2014 WL 2013328 (W.D.N.C. May 16, 2014).

On appeal, the Fourth Circuit emphasized that "Jones opened a narrow gateway to §2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." Surratt at *11. As the Fourth Circuit explained: "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in Jones deviates from that settled approach." Id. at *15. (internal citations omitted). The Fourth Circuit reiterated that under its decision in Jones, being incorrectly sentenced was not the same thing as being "actually innocent." As it explained, "[t]o

9

say "that a petitioner can be 'actually innocent' of a sentencing enhancement," rather than an element of the actual crime, "would require a great deal of both verbal and logical gymnastics." Surratt at *6. The Fourth Circuit rejected Surratt's claim that his predicate convictions should be viewed as elements of the crime.

As noted *supra,* the decision in Surratt is consistent with the Fourth Circuit's historical precedence that Jones "does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). See also Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013)(unpublished) ("[W]e conclude, as the district court did, that Farrow's challenge to his armed career criminal status is not cognizable in a §2241 petition."); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Rather, the §2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (*per curiam*) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).[14]

Again, petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Rather, relying on Descamps v. United States, 133 S. Ct. 2276 (2013),[15] he argues that he

---

[14] In addition, in Darden, it appears that the Fourth Circuit has now addressed the issue it left open in Whiteside v. United States, 748 F.3d at 547 n. 4 (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under §2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a §2241 petition in this Circuit.). See Darden, *supra* at 174.

[15] Finding that a prior California burglary conviction was not a "violent felony" within the meaning of the ACCA. More specifically, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate

was improperly sentenced as an armed career criminal utilizing state convictions that are not qualifying predicate convictions. Because he does not allege that he is innocent of his crime of conviction, and only challenges the validity of his sentence, he raises an argument that is foreclosed by the Fourth Circuit in <u>Surratt</u>.

Petitioner also cites to <u>Alleyne</u>, in support of his argument that his 1987 conviction for possession with intent to distribute under 35 P.S. §780-113 cannot qualify as a predicate conviction for his ACCA enhancement, because at the time of his conviction the statute only carried a 5-year statutory maximum, and for ACCA enhancement purposes, a serious drug offense must have a penalty in excess of 10 years.

In <u>Alleyne</u>, the defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under §924(c)(1)(A). At sentencing, the district judge determined that Alleyne had brandished the firearm and sentenced him to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." <u>Id</u>. at 2162.

This decision extended the Supreme Court's prior holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and

---

offense under the ACCA, "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282.

decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Finally, the undersigned cites to the United States Supreme Court's decision to remand Marrerro back to the Third Circuit Court of Appeals in support of his argument that the Third Circuit found that a conviction under 18 Pa. C.S. §2701 only qualified as a crime of violence for purposes of career offender status if, when looking at the plea documentation, it could be determined that the defendant knowingly or intentionally, but not recklessly, committed simple assault. Petitioner contends that an examination of his own predicate conviction for "a simple assault" under Pennsylvania law[16] would show that he was "found guilty of Conspiring [sic] to commit a simple assault with mere neglect and recklessness, <u>not</u> intentionally or knowing

---

[16] Pa. C.S. § 2701. Simple assault.

(a) *Offense defined.* — Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
    (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
    (2) negligently causes bodily injury to another with a deadly weapon;
    (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
    (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

[sic]."[17] Petitioner's argument, in addition to the obvious implied intentionality presented by "conspiring" to commit an assault, overlooks the fact that upon remand, the Third Circuit rejected Marrero's challenge to his classification as a career offender under U.S.S.G.§4B1.1, because his 18 Pa. Const. Stat. §2701(a) conviction for simple assault was, indeed, a qualifying offense. United States v. Marrero, 743 F.3d 389 (2014) ("Marrero II") *quoting* United States v. Johnson, 587 F.3d 203 (3rd Cir. 2009). This, of course, disposes of petitioner's reliance on United States v. Johnson, *supra,* for the proposition that the District Court "plainly erred in determining that simple assault categorically qualifies as a crime of violence."[18]

### III. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 (Dkt.# 1) be **DENIED with prejudice**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by September 9, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[17] Dkt.# 27 at 4.

[18] Dkt.# 27 at 4.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 26, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE