```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TRACY CLARK,**

        **Petitioner,**

v.          //    CIVIL ACTION NO. 1:14CV149
                          (Judge Keeley)

**RICHARD ODDO, Warden,**

        **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

On December 5, 2013, the pro se petitioner, Tracy Clark ("Clark"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).[1] Clark, who is currently incarcerated at Federal Correctional Institution Hazelton, challenges the validity of his conviction in the United States District Court for the Eastern District of Pennsylvania.

On August 26, 2015, United States Magistrate Judge James E. Seibert filed a Report and Recommendation ("R&R"), in which he recommended denying the petition (Dkt. No. 29). On September 2, 2015, Clark objected to the R&R (Dkt. No. 32). Following due consideration of those objections, for the reasons that follow, the

---

[1] Clark originally filed his case in the Eastern District of Pennsylvania (Dkt. No. 29 at 1). It was transferred to the Western District of Pennsylvania, and then on to this Court on September 3, 2014. Id.

**CLARK V. ODDO**  1:14CV149

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

Court **ADOPTS** the R&R, **DENIES** the petition, and **DISMISSES** this case **WITH PREJUDICE**.

### BACKGROUND

On July 26, 2001, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging Clark with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  United States v. Clark, No. 1-428-02, 2006 WL 3061306, at *1 (E.D. Pa. Oct. 27, 2006) [hereinafter Clark I].  On April 17, 2002, a grand jury returned a superseding indictment charging Clark with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), the Armed Career Criminal Act of 1984 ("ACCA").  Id.  The superseding indictment added notice of prior convictions based on Clark's state convictions for robbery, possession with intent to distribute a controlled substance, and conspiracy to commit aggravated assault. United States v. Clark, No. 1-428-02, 2009 WL 3837404, at *1 (E.D. Pa. Nov. 16, 2009) [hereinafter Clark II].[2]

---

[2] Although the statutes in the two indictments are nearly identical, the differences are not trivial. A defendant convicted under § 922(g) is subject to a maximum penalty of 10 years of imprisonment. 18 U.S.C. § 924(a)(2). A defendant convicted under §§ 922(g) and 924(e), who has three previous convictions for a violent felony or a serious drug offense, is subject to a mandatory

2

**CLARK V. ODDO**                                                                                      **1:14CV149**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29] DENYING THE PETITION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE

On May 6, 2002, Clark pleaded guilty to being a felon in possession of a firearm; later, however, on August 30, 2002, he moved to withdraw that guilty plea. Clark I, 2006 WL 3061306, at *1. After providing Clark with new counsel, the district court permitted him to withdraw his guilty plea. Id.

Clark proceeded to trial, and was convicted by a jury on June 2, 2003.[3] Thereafter, on July 11, 2003, the district court sentenced him as an armed career criminal to 293 months of imprisonment. Id. After the United States Court of Appeals for the Third Circuit affirmed Clark's conviction and sentence on appeal, Clark filed a petition for a writ of certiorari to the Supreme Court of the United States on December 12, 2004, arguing that the district court had violated his Sixth Amendment rights by judicially enhancing his sentence under the armed career provisions of U.S.S.G. §§ 4B1.4(a) and (b)(3)(B). Id.

While his petition was pending, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), on January 7, 2005,

---

minimum sentence of 15 years of imprisonment, and a maximum sentence of life. 18 U.S.C. § 924(e)(1).

[3] At trial, Clark stipulated "to the three predicate violent crime or drug trafficking convictions." Clark I, 2006 WL 3061306, at *2.

**CLARK V. ODDO**                                               **1:14CV149**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

which made the sentencing guidelines advisory. Id. Shortly thereafter, on January 25, 2005, the Court denied certiorari in Clark's case. Id.

On January 26, 2006, Clark filed a motion in district court to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that his counsel had been ineffective and that he should be resentenced in light of Booker. Id. On October 27, 2006, the district court denied Clark's request for a new trial based on ineffective assistance of counsel, but did grant his request for resentencing based on Booker, which had been decided before Clark's conviction was final. Id. at *4. On November 27, 2006, the district court resentenced Clark to 235 months of imprisonment, a decision later affirmed by the Third Circuit (Dkt. No. 29 at 3).

On August 31, 2009, Clark filed a second motion to vacate pursuant to 28 U.S.C. § 2255, contending that the attorney who represented him on resentencing had been ineffective for failing to attack the validity of a prior conviction used as a predicate offense under the ACCA. Id. at 4. The district court denied Clark's motion, finding that his prior conviction for possession with intent to distribute a controlled substance qualified as a "serious drug offense" under the ACCA. Clark II, 2009 WL 3837404,

4

**CLARK V. ODDO**                                        **1:14CV149**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

at *3. Although that court did not address Clark's convictions for robbery or conspiracy to commit aggravated assault, it noted that "[t]he record was . . . clear at both sentencing and resentencing that Clark was an armed career criminal with three predicate offenses that qualified him for an enhanced sentence under the ACCA." Id. at *5. Clark never appealed the denial of his second § 2255 motion (Dkt. No. 29 at 4).

On December 5, 2013, Clark filed a § 2241 petition (Dkt. No. 1 at 1), which the Eastern District of Pennsylvania transferred to this district based on Clark's incarceration at FCI Hazelton. Clark filed a lengthy memorandum of law in support of his petition, which violated the Court's Local Rules (Dkt. No. 21, 22). On November 6, 2014, he filed a "more concise brief" in support of his petition, in which he argued that the Court should vacate his sentence and remand for resentencing because (1) his assault conviction was not a "crime of violence" within the meaning of the ACCA, and (2) his "alleged controlled substance offense" was not a "serious drug offense" under the ACCA (Dkt. No. 27).

On January 16, 2015, Clark asked this Court to take judicial notice of the Supreme Court's pending review of Johnson v. United States, 135 S.Ct. 2551, 2563 (2015). On June 26, 2015, the Supreme

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

Court decided <u>Johnson</u>, holding that the residual clause of the ACCA was void for vagueness in violation of the Constitution's guarantee of due process.[4]  135 S.Ct. at 2554-55.

On August 26, 2015, Magistrate Judge Seibert recommended that the Court deny Clark's petition because it failed to meet the requirements of the § 2255(e) savings clause (Dkt. No. 29).  Clark objected to the R&R on September 2, 2015, contending that, pursuant to the Fourth Circuit's decision in <u>United States v. Surratt</u>, 797 F.3d 240 (4th Cir. 2015), he may use the savings clause to challenge his ACCA enhancement because he had been sentenced above the ten-year statutory maximum for § 922(g) offenders who are not ACCA-eligible (Dkt. No. 32).  On the same day that he filed his objections, Clark also filed a motion seeking leave to exceed the page limit by one page and to replace the respondent (Dkt. No. 31).

For good cause, the Court **GRANTS** Clark's motion to exceed the page limit and replace the respondent (Dkt. No. 31).  Further, for the following reasons, it **ADOPTS** the R&R in its entirety, **OVERRULES**

---

[4] Under the residual clause, crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another" were included in the definition of a "violent felony." <u>Johnson</u>, 135 S.Ct. at 2557.  The other definitions of a "violent felony" in the ACCA were not implicated by <u>Johnson</u>.  <u>See</u> <u>id.</u>

**CLARK V. ODDO**                                                            **1:14CV149**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

Clark's objections, **DENIES** the petition, and **DISMISSES** this case **WITH PREJUDICE**.

### STANDARD OF REVIEW

On review of a magistrate judge's R&R pursuant to 28 U.S.C. § 636, a court reviews de novo only those portions of the R&R to which timely objection has been made. 28 U.S.C. § 636(b)(1)(C). Courts will uphold those portions of a recommendation as to which no objection has been made, unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Because Clark filed objections to the R&R, the Court will review the R&R de novo.

### ANALYSIS

Clark contends that the Court should vacate his sentence imposed pursuant to the ACCA because under Johnson, as well as Marrero v. United States, 133 S.Ct. 2732 (2013), he no longer is an armed career criminal (Dkt. No. 27 at 2).[5] He argues that,

---

[5] In Marrero, the Supreme Court vacated the Third Circuit's holding that the petitioner was a career offender based on a prior Pennsylvania conviction for simple assault, and remanded the case for reconsideration in light of Descamps v. United States, 133 S.Ct. 2276 (2013). Marrero, 133 S.Ct. at 2732 (Mem.) (2013). On remand, the Third Circuit held that Marrero's conviction for simple assault qualified as a crime of violence. United States v. Marrero, 743 F.3d 389 (3d Cir. 2014). That holding implicated the

**CLARK V. ODDO**                                                         **1:14CV149**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

pursuant to Marrero, his conviction for "simple assault" is no longer a crime of violence and his "alleged controlled substance offense" was not a serious drug offense. Id. Relying on Surratt, Clark presumes that the Court can entertain his challenge in a § 2241 petition (Dkt. No. 32 at 2).

A petitioner generally may use § 2241 to challenge the execution of his sentence, not the illegality of the sentence itself. In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Instead, a petitioner must use § 2255 to challenge his conviction or the imposition of his sentence. Id. A petitioner may only use § 2241 to challenge his sentence under the § 2255(e) savings clause when a § 2255 petition would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

Pursuant to In re Jones, a petitioner in the Fourth Circuit must meet the following criteria in order to establish that § 2255 would afford him an inadequate or ineffective remedy:

> (1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal

---

statute's residual clause, however, and its validity is therefore suspect in the wake of Johnson. See id.

**CLARK V. ODDO**                                                    **1:14CV149**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

>       and first § 2255 motion, the substantive law
>       changed such that the conduct of which the
>       prisoner was convicted is deemed not to be
>       criminal; and (3) the prisoner cannot satisfy
>       the gatekeeping provisions of § 2255 because
>       the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Section 2255 is not rendered inadequate or ineffective because of "a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal." Phillips v. Francis, No. 5:06CV159, 2009 WL 779040 (N.D.W. Va. Mar. 23, 2009) (Stamp, J.), aff'd, 332 F. App'x. 103 (4th Cir. 2009) (citing Vial, 115 F.3d at 1194 n. 5).

In Surratt, the Fourth Circuit clarified that the § 2255 savings clause is inapplicable when prior convictions used to enhance a petitioner's sentence no longer count as predicate offenses. The district court in that case had sentenced Surratt to a mandatory life sentence after the government had identified four prior drug-related felony convictions. 797 F.3d at 245. Following Surratt's sentencing, however, the Fourth Circuit decided United States v. Simmons, 649 F.3d 327 (4th Cir. 2011) (en banc), which changed a district court's calculation of certain "felony drug offenses" under North Carolina law. Id. Post-Simmons, the government agreed that only one of Surratt's prior convictions

9

**CLARK V. ODDO**                                               **1:14CV149**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

would qualify as a "felony drug offense." Id. at 245-46. In other words, it recognized that, had Surratt been sentenced after the Fourth Circuit decided Simmons, he would not have been subject to a mandatory life sentence. Id. at 246.

Despite this, the Fourth Circuit rejected Surratt's claim of "actual innocence" concerning the enhanced sentence. It noted that such a course would "ignore[] the clear limitation in Jones that, before the case can be used to invoke § 2255(e), the law must have changed 'such that the conduct of which the prisoner was convicted is deemed not to be criminal.'" Id. at 247-48 (quoting In re Jones, 226 F.3d at 334). Our circuit court observed that "recidivism is not an element of the triggering crime," and held that "Jones simply does not apply here, as Surratt is not innocent of anything." Id. at 248.

In the instant case, Clark also does not meet the requirements of Jones, inasmuch as his offense of conviction, felon in possession of a firearm, remains a crime. 18 U.S.C. §§ 922(g), 924(e). Additionally, § 2255 would not be an inadequate or ineffective remedy merely because Clark may be barred from filing a second or successive § 2255 motion. Phillips, 2009 WL 779040.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

In the wake of the Supreme Court's decision in <u>Johnson</u>, several district courts have considered the application of <u>Surratt</u>. All held that, before a petitioner sentenced under the ACCA may avail himself of § 2255(e)'s savings clause, he must show that his offense conduct is no longer criminal. In other words, a petitioner sentenced under the ACCA cannot seek relief through a § 2241 petition unless he is innocent of the offense of conviction, even though his qualifying violent felonies were defined under the residual clause. <u>See, e.g.</u>, <u>Moore v. Carter</u>, No. 2:14CV55, 2015 WL 5475387, at *1, *3-4 (N.D.W. Va. Sept. 16, 2015) (Bailey, J.) (adopting the report and recommendation of the magistrate judge, who found that the petitioner could not obtain relief under <u>Johnson</u> through the § 2255(e) savings clause because he was not actually innocent of the offense of conviction); <u>Swanson-El v. Zych</u>, No. 7:15CV398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) (denying the § 2241 petition filed by an ACCA defendant who petitioned for relief under <u>Johnson</u> because his offense conduct was still criminal); <u>James v. Zych</u>, No. 7:15CV415, 2015 WL 5308129, at *1 (W.D. Va. Sept. 10, 2015) (same). This, of course, is squarely the situation in which Clark finds himself.

**CLARK V. ODDO**                                                    **1:14CV149**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

In support of his argument, Clark makes much of the following discussion of statutory maximums in Surratt:

> The savings clause also focuses on the "legality" of the relevant detention. Especially in the post-conviction context, courts have recognized "unlawful" or "illegal" sentences in a narrow subset of cases. Actual innocence of the crime of conviction may present that sort of a case, as courts have long understood that "[a]n imprisonment under a judgment" becomes "unlawful" if "that judgment be an absolute nullity." And a sentence imposed above the proper statutory maximum might present another instance of an unlawful sentence, as "the power . . . to prescribe the punishments to be imposed upon those found guilty of [federal crimes] resides wholly with the Congress."

797 F.3d at 255 (internal citations omitted). Clark asserts that this language compels his release, as he was sentenced above the ten-year maximum applicable to § 922(g) crimes when the ACCA is not invoked (Dkt. No. 32 at 1-2).

Under Surratt, however, it is clear that Clark is entitled to test the legality of his detention under § 2241 only when a motion under § 2255 would be inadequate or ineffective, not when he has simply failed to satisfy the requirements of § 2255. 797 F.3d at 251-52 ("In § 2255, Congress meant to provide a chance to be heard, not a right to prevail on any particular argument"). Although Surratt could have tested the legality of his career offender enhancement in a § 2255 motion, he chose not to do so, knowing that

**CLARK V. ODDO**                                                    **1:14CV149**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

the basis for his claim was foreclosed by circuit precedent. Id. at 252. His failure to raise his claim, however, did not mean that § 2255 was "inadequate" or "ineffective." Id. at 254-55.

Here, Clark could have-and in fact did-test the legality of his ACCA enhancement through § 2255. He therefore cannot establish that § 2255 was "inadequate" or "ineffective" in order to avail himself of the § 2255(e) savings clause. See id.

Even if Clark were able to bring his claim under § 2241, it is unclear that he would be entitled to relief. The district court in Pennsylvania denied Clark's previous § 2255 petition, finding his controlled substance conviction qualified as a "serious drug offense." Clark II, 2009 WL 3837404, at *3. Without directly so stating, Clark implies that his "simple assault" conviction was shoehorned into the ACCA under the residual clause (Dkt. No. 32 at 4-5). The district court, however, characterized Clark's conviction as one for "conspiracy to commit aggravated assault," an offense that very well may fit within the definition of a "violent felony" under § 924. Id. at *1, *5; 18 U.S.C. § 924(e)(2)(B).[6]

---

[6] Even if Clark's conviction were for simple assault, which does fall under the residual clause of the ACCA, it is unclear whether the Supreme Court will find Johnson retroactive. See 28 U.S.C. § 2255(h). Compare Price v. United States, 795 F.3d 731 (7th Cir. 2015)(holding that Johnson applied retroactively), with

13

**CLARK V. ODDO**                                                   **1:14CV149**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

It is a longstanding legal principle that sentencing courts should generally address sentencing errors under § 2255. <u>United States v. Frady</u>, 456 U.S. 152, 182 n. 5 (1982) ("[Section] 2255 directs the prisoner back to the court that sentenced him"). Only "in very limited circumstances" can a distant federal court entertain a challenge to another district court's actions. <u>Poole</u>, 531 F.3d at 267. This Court lacks jurisdiction to review Clark's claims under the § 2255(e) savings clause because he "is not innocent of anything." <u>Surratt</u>, 797 F.3d at 248.

In conclusion, for the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 29), **OVERRULES** Clark's objections (Dkt. No. 32), and **GRANTS** the motion to exceed the page limit and replace the respondent (Dkt. No. 31). Finally, it **DENIES** Clark's petition and **DISMISSES** this case **WITH PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

---

<u>In re Rivero</u>, 797 F.3d 986 (11th Cir. 2015)(holding that <u>Johnson</u> did not apply retroactively for collateral review purposes). Notably, the Fourth Circuit has not yet considered whether <u>Johnson</u> is retroactive.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]
DENYING THE PETITION [DKT. NO. 1] AND
DISMISSING THE CASE WITH PREJUDICE**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, return receipt requested, and to enter a separate judgment order.

DATED:  November 10, 2015.


                                /s/ Irene M. Keeley
                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE